IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLIOIS

| | |
|---|---|
| PERTRICE HOLLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff Pertrice Holley, by and through her attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, states as follows for her Complaint against State Farm Mutual Automobile Insurance Company ("State Farm"):

## INTRODUCTION

1. Pertrice Holley is an African American woman who has worked in the insurance industry for over eight years.

2. After joining State Farm in March 2013, Pertrice Holley confronted State Farm's culture of racism and discrimination throughout the course of her career.

3. As a Claims Associate in the State Farm Insurance Atlanta Operations Center, Pertrice Holley witnessed and experienced discrimination from various managers and supervisors, including Team Managers Tae Ryu, Michelle Kokoszka, and Kathy Brunelli.

4. Pertrice Holley reported this behavior to State Farm management, including to her Team Manager Gina Edwards.

5. After reporting this behavior, Pertrice Holley was demoted and ultimately constructively discharged for opposing unlawful discrimination.

6. Pertrice Holley subsequently filed a complaint and a Charge of Discrimination with the federal Equal Employment Opportunity Commission ("E.E.O.C.").

7. Thereafter, the E.E.O.C. issued a "Right-to-Sue" letter to Pertrice Holley giving rise to this lawsuit

## JURISDICTION AND VENUE

8. On August 3, 2021, Pertrice Holley filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.").

9. A Notice of Right to Sue letter was issued to Pertrice Holley by the E.E.O.C. on March 23, 2022.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action involves federal questions regarding the deprivation of Plaintiff's rights under 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

11. This Court has personal jurisdiction over the Defendant because the Defendant has its principal place of business within this jurisdiction.

12. Venue is proper in this jurisdiction under 42 U.S.C. § 2000e-5(f)(3) because Defendant's unlawful employment practice was committed in this judicial district, and the employment records relevant to their unlawful practices are

maintained and administered in this judicial district. Alternatively, Defendant's principal office is within this judicial district.

## PARTIES

13. Pertrice Holley is an African American female, and a former employee of State Farm.

14. At all relevant times, Pertrice Holley was employed by State Farm in the Duluth, Georgia office.

15. State Farm is a large group of insurance companies throughout the United States, including Georgia, with its corporate headquarters in Bloomington, Illinois.

16. Defendant's headquarters and principal office in Bloomington, Illinois maintains and administers relevant employment records, including individual employee employment records, manager employment records, employee handbooks, discrimination and harassment policies, and discrimination and harassment investigation materials.

17. State Farm is an employer as defined by Title VII of the Civil Rights Act of 1964 and was, at all relevant times to this complaint, Pertrice Holley's employer.

## BACKGROUND

18. On or around March 2013, Pertrice Holley began her employment with State Farm as an Express Claims Associate.

19. On or around June 2018, Pertrice Holley was promoted to an Injury Claims Associate.

20. While an Injury Claims Associate, Pertrice Holley was subjected to racism, harassment, racial discrimination, and a hostile work environment by supervisors and managers, including, but not limited to:

   a. Team Manager, Kathy Brunelli, making racial comments like she will "crack the whip" on Plaintiff and other African American employees;

   b. Team Managers, Tae Ryu and Michelle Kokoszka, requesting Plaintiff make false statements about another African American employee to aid in their efforts to terminate the other African American employee for pretextual reasons when similarly situated white employees were not subjected to such treatment. Notably, Plaintiff refused to do so;

   c. Team Managers, Tae Ryu and Michelle Kokoszka, telling Plaintiff's manager, Gina Edwards, they wanted Plaintiff fired for pretextual reasons, despite Plaintiff being a top performer, and despite State Farm not subjecting similarly situated white employees to such treatment; and

   d. Team Managers, Kathy Brunelli and Michelle Kokoszka, denying Plaintiff promotional opportunities within State Farm, due to Plaintiff's race, when Plaintiff was qualified for said promotions.

21. Plaintiff raised concerns regarding Team Managers Tae Rye, Michelle Kokoszka, and Kathy Brunelli's conduct to State Farm management on several occasions.

22. On or around March 2021, Plaintiff, along with six other African American women in her department who reported Team Managers Tay Ryu and Michelle Kokoszka's conduct, were informed by Plaintiff's Team Manager Kelly Urycki they were being demoted to Express Claims Associates in lieu of receiving "pink slips" – i.e. Plaintiff was being demoted rather than being outright terminated.

23. In an attempt to back-peddle this comment, Team Manager Kelly Urycki stated Plaintiff, among others, was being demoted due to COVID-19.

4

24. Notably, Team Managers Tae Ryu and Michelle Kokoszka participated in the decision to demote Plaintiff.

25. Shortly after Plaintiff was demoted to an Express Claims Associate, State Farm rehired for the Injury Claims Associate position Plaintiff was demoted from.

26. Notably, Plaintiff was unable to rehire for the Injury Claims Associate Position due to her demotion as an Express Claims Associate being on a freeze, i.e. Plaintiff was unable to apply for new positions.

27. Due to her retaliatory demotion for reporting this racism, discrimination, harassment, and hostile work environment Plaintiff experienced, Plaintiff's working conditions became so intolerable she turned in her resignation.

28. On or about June 2021, Plaintiff was constructively discharged from State Farm due to racism, harassment, racial discrimination, and a hostile work environment.

## COUNT 1
### Title VII, 42 U.S.C. § 2000(e), et seq.
### Discrimination, Harassment, and Hostile Work Environment Claim

29. Each of the foregoing paragraphs are incorporated herein as if fully restated.

30. As an African American, Pertrice Holley is a member of a protected class.

31. As described above, State Farm's conduct towards Pertrice Holley was discriminatory and occurred because of and based upon Ms. Holley's race.

5

32. State Farm's conduct occurred over several months, constituting a continuing course of discrimination towards Plaintiff.

33. State Farm committed an unlawful employment practice by treating Plaintiff differently because of her race, causing a change in the condition of her employment and subjecting her to a hostile work environment.

34. Plaintiff was subjected to a racially discriminatory environment that was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that Plaintiff in fact did perceive to be so.

35. State Farm's conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

36. State Farm's conduct had the purpose or effect of creating an intimidating, hostile and offensive work environment.

37. State Farm's actions permeated the workplace with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive and regular to alter the conditions of Plaintiff's employment and create an abusive working environment.

38. State Farm's racist and discriminatory conduct created a hostile work environment for Pertrice Holley.

39. Plaintiff was subjected to a racially discriminatory and hostile work environment that was both objectively and subjectively offensive, one that a reasonable employee in Plaintiff's position would have felt compelled to resign from.

40. State Farm was aware of the racially discriminatory and hostile work environment and failed to remedy these working conditions.

41. State Farm's racist and discriminatory conduct included constructively discharging Pertrice Holley.

42. State Farm willfully and intentionally subjected Pertrice Holley to racial discrimination.

43. State Farm knew its actions violated Title VII or it was recklessly indifferent in that regard.

44. Defendant State Farm has therefore denied Plaintiff her rights under the Civil Rights Act of 1964 and she has suffered damages as a direct result of her rights being violated.

45. As a direct and proximate result of the foregoing, Pertrice Holley has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Pertrice Holley claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**COUNT II**
**Title VII, 42 U.S.C. §2000(e)-(3)**
**Retaliation**

46. Each of the foregoing paragraphs are incorporated herein as if fully restated.

47. Pertrice Holley engaged in a statutorily protected activity when she reported racism and discriminatory conduct to State Farm.

48. State Farm and its agents intentionally retaliated against Pertrice Holley in response to her reporting.

49. State Farm took a materially adverse action against Pertrice Holley when State Farm demoted her and constructively discharged her.

50. These adverse actions were directly related and causally connect to Pertrice Holley's reporting of State Farm's racism and discriminatory conduct.

51. These adverse actions were in direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

52. By reason of this retaliation by State Farm, Pertrice Holley suffered a loss of earnings and benefits, in addition to suffering great pain, distress, anxiety, and mental anguish, all to her damage.

53. As a direct and proximate result of the foregoing, Pertrice Holley has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Pertrice Holley claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### COUNT III
### Civil Rights Act of 1866, 42 U.S.C. § 1981
### Intentional Racial Discrimination and Hostile Work Environment

54. Each of the foregoing paragraphs are incorporated herein as if fully restated.

55. As described above, State Farm's conduct towards Pertrice Holley was discriminatory and occurred because of and based upon Ms. Holley's race.

56. State Farm willfully and intentionally subjected Pertrice Holley to racial discrimination.

57. State Farm knew its actions violated Section 1981 of the Civil Rights Act of 1866 or it was recklessly indifferent in that regard.

58. Defendant has therefore denied Plaintiff her rights under Section 1981 of the Civil Rights Act of 1866 and she has suffered damages as a direct result of her rights being violated.

59. As a direct and proximate result of the foregoing, Pertrice Holley has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Pertrice Holley claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## COUNT IV
### Civil Rights Act of 1866, 42 U.S.C. § 1981
### Retaliation

60. Each of the foregoing paragraphs are incorporated herein as if fully restated.

61. Pertrice Holley engaged in a statutorily protected activity when she reported racism and discriminatory conduct to State Farm.

62. State Farm and its agents intentionally retaliated against Pertrice Holley in response to her reporting.

63. State Farm took a materially adverse action against Pertrice Holley when State Farm demoted her and constructively discharged her.

64. State Farm's actions in this regard were willful, intentional, and based upon Pertrice Holley race.

65. State Farm knew its actions violated Section 1981 of the Civil Rights Act of 1866 or it was recklessly indifferent in that regard.

66. These adverse actions were directly related and causally connected to Pertrice Holley's reporting of State Farm's racism and discriminatory conduct.

67. These adverse actions were in direct violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

68. By reason of this retaliation by State Farm, Pertrice Holley suffered a loss of earnings and benefits, in addition to suffering great pain, distress, anxiety, and mental anguish, all to her damage.

69. As a direct and proximate result of the foregoing, Pertrice Holley has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Pertrice Holley claims compensatory

and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pertrice Holley, by and through her attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, respectfully requests that the Court enter an Order granting the following relief against the Defendant, State Farm Mutual Automobile Insurance Company:

- A. Awarding Plaintiff actual damages;
- B. Awarding Plaintiff lost wages;
- C. Awarding Plaintiff damages for her emotional distress;
- D. Awarding Plaintiff punitive damages;
- E. Awarding Plaintiff her reasonable attorneys' fees and litigation costs; and
- F. Awarding such other and further relied as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on each and every one of her claims.

Dated: June 21, 2022

Respectfully Submitted,

/s/ Robert J. McLaughlin, Esq.

Robert J. McLaughlin, Esq. #6272701
Steven A. Hart, Esq. #6211008
Carter D. Grant, Esq. #6306058
Y'Noka Y. Bass, Esq. #6338700
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel:  (312) 955-0545
Fax: (312) 971-9243
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com

Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com